

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
~~ATTORNEY GENERAL~~

Dr. C.W. Butler, Jr.
Member, Texas Prison Board
Crockett, Texas

Dear Sir:

Opinion No. O-110
Re: Employment of relatives in Texas
Prison System.

Your request for an opinion on the following stated questions has been received by this office.

Your letter reads, in part, as follows:

"1. Is it legal for a son-in-law of the warden of the Texas Prison System to work as Recreational Director and being paid from the Recreational Fund (A fund created from the revenue from gate receipts of the rodeo and commissiary, etc.) if and when he is employed by the General Manager or Prison Board, however, he, the son-in-law takes orders from the warden as well as others who are employed in the Texas Prison System, but are his supervisors? This Recreational Officer is located at Huntsville at the walls under the supervision of the warden and management.

"2. * * * * *"

With reference to your second question, it is necessary that we have additional information which we are requesting in a letter that follows.

"3. Is it legal for a Prison Board member to keep an inmate, or convict, at his, the Board member's residence or home, to cook, as a yard boy, driver of his car, or cars, and not for personal gain or to work for profit from the inmate's earnings? The Board member furnishes food and quarters (Board and room) for the inmate and may, or may not, buy the inmate's clothing. This act of keeping the inmate at the Board member's home or res-

idence is to be with the consent and approval
of the management, if it is legal to keep said
inmate at the Board member's home or residence,
then is it necessary to have the consent and
approval of the Texas Prison Board before keep-
ing said inmate, or will the consent and ap-
proval of the General Manager or the management
be sufficient and legal?

"4.   Is there any Special Law pertaining
to the employment of relatives in the Texas
Prison System other than any other Governmental
Department in Texas?

"5.   Is it legal for the Texas Prison Board
to vote to accept the resignation of an employee
of the Texas Prison System when the employee
never did present his or her resignation, and
in fact refused to present their resignation?
I am not questioning the legality of the Texas
Prison Board having the authority to fire or
discharge an employee, but the Board's legal au-
authority to vote to accept something that never
did exist, and further the employee refused to
present his resignation, and the prison Board
did not vote to fire or discharge, but to accept
the employee's resignation."

Articles 432 and 433 of the Penal Code read as fol-
lows:

Article 432.   "No officer of this State or
any officer of any district, county, city,
precinct, school district, or other munici-
pal subdivision of this State, or any offi-
cer or member of any State, district, coun-
ty, city, school district or other municipal
board, or judge of any court, created by or
under authority of any general or special law
of this State, or any member of the Legisla-
ture, shall appoint, or vote for, or confirm
the appointment to any office, position,
clerkship, employement or duty, or any person
related within the second degree by affinity
or within the third degree by consanguinity
to the person so appointing or so voting, or to
any other member of any such board, the Legis-
lature, or court of which such person so ap-
pointing or voting may be a member, when the
salary, fees, or compensation of such appointee

is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever.

Article 433. "The inhibitions set forth in this law shall apply to and include the Governor, Lieutenant Governor, Speaker of the House of Representatives, Railroad Commissioners, head of departments of the State government, judges and members of any and all Boards and courts established by or under the authority of any general or special law of this state, members of the Legislature, mayors, commissioners, recorders, aldermen and members of school boards of incorporated cities and towns, public school trustees, officers and members of boards of managers of the State University and of its several branches, and of the various State educational institutions and of the various State eleemosynary institutions, and of the penitentiaries. This enumeration shall not be held to exclude from the operation and effect of this law any person included within its general provisions."

Articles 6166a and 6166g, Revised Civil Statutes, read as follows:

Article 6166a. "It shall be the policy of this State, in the operation and management of the Prison System, to so manage and conduct the same in that manner as will be consistent with the operation of a modern prison system, and with the view of making the System self-sustaining; and that those convicted of violating the law and sentenced to a term in the State Penitentiary shall have humane treatment, and be given opportunity, encouragement and training in the matter of reformation. All prisoners shall be worked within the prison walls and upon farms owned or leased by the State; and in no event shall the labor of a prisoner be sold to any contractor or lessee to work on farms, or elsewhere, nor shall any prisoner be worked on any farm or otherwise, upon shares, except such farm be owned or leased by the State of Texas."

Article 6166g. "The Texas Prison Board, together with the manager hereinafter pro-

vided for, shall be vested with the exclusive management and control of the Prison System, and all properties belonging thereto, subject only to the limitations of this Act, and shall be responsible for the management of the affairs of the Prison System and for the proper care, treatment, feeding, clothing and management of the prisoners confined therein."

The son-in-law of the warden of the State Prison System was employed by the Board or General Manager, and the warden did not employ, appoint, or vote for, or confirm the appointment or employment of his son-in-law.

On May 13, 1939 this department held in an opinion written by D.D. Mahon, Assistant Attorney General, addressed to O.J.S. Ellingson, Manager, Texas Prison System, that it is within the power of the Texas Prison Board and the General Manager of the Texas Prison System to discharge an employee at any time, and a resolution passed by the Board (a copy of which was sent to the employee) and written notice from the General Manager to the employee is sufficient to effect such discharge.

In view of the foregoing statutes and the opinion of this department referred to, you are respectfully advised that it is the opinion of this department that your questions should be answered as follows:

1. Yes
3. No
4. No

We answer your fifth question in conformity with opinion No O-751, a copy of which is enclosed, herewith.

Trusting that the foregoing answers your inquiries, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
    Ardell Williams
    Assistant

AW:omb:wc
ENCL.

APPROVED JUN 29, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By s/RWF Chairman